# MANDATE

22-440
*United States v. Schleede*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-three.

PRESENT:

> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                          No. 22-440

TIMOTHY SCHLEEDE,

> *Defendant-Appellant.*

———————————————————————

MANDATE ISSUED ON 07/07/2023

For Defendant-Appellant:                    JAMES P. EGAN, Assistant Federal
                                            Public Defender, Syracuse, NY.

For Appellee:                               RAJIT S. DOSANJH (Michael D.
                                            Gadarian, Emmet O'Hanlon, *on the
                                            brief*), Assistant United States
                                            Attorneys, *for* Carla B. Freedman,
                                            United States Attorney for the
                                            Northern District of New York,
                                            Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern

District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED** that the judgment of the district court is
**AFFIRMED**.

Timothy Schleede appeals from the judgment of conviction entered by the

district court following his conditional guilty plea to possession with intent to

distribute more than forty grams of fentanyl, in violation of 21 U.S.C. § 841(a)(1),

(b)(1)(B), and distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C),

for which he was sentenced to seventy months' imprisonment and four years'

supervised release.  On appeal, Schleede challenges the district court's denial of

his pretrial motion to suppress the drugs seized from his hotel room and storage

unit.  In reviewing a denial of a motion to suppress, we review the district court's

"legal conclusions de novo and findings of fact for clear error."   *United States v. Freeman*, 735 F.3d 92, 95 (2d Cir. 2013).   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Before reaching the merits of this appeal, we must first consider whether Schleede has waived his right to file it.   A defendant entering a guilty plea may, with the consent of "the court and the government," reserve in writing his right to appeal the denial of a "specified pretrial motion."   Fed. R. Crim. P. 11(a)(2).   "The issues preserved for appeal must be framed with precision and stated with specificity."   *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996); *see also United States v. Pinto-Mejia*, 720 F.2d 248, 256 (2d Cir. 1983) (cautioning parties to use "care and precision in framing the issues to be preserved").   All nonjurisdictional issues not explicitly preserved for appeal in the conditional plea agreement – including all Fourth Amendment suppression issues – are deemed waived.   *See Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987).

Under the terms of his conditional plea, Schleede preserved his right to appeal only three of the district court's pretrial suppression rulings – namely, that "(1) the protective sweep of the defendant's hotel room was reasonable in both scope and duration; (2) the evidence seized from the defendant's hotel room was

3

admissible pursuant to the inevitable discovery doctrine; and (3) the investigating officers acted in good faith."   App'x at 256.   The terms of the plea agreement, however, do not preserve Schleede's right to challenge the district court's suppression decision with respect to the evidence seized from the storage unit. Schleede is thus foreclosed from challenging that decision on appeal.   *See United States v. Simmons*, 763 F.2d 529, 533 (2d Cir. 1985) ("We have repeatedly held that the entry of a conditional guilty plea preserves only the specifically mentioned issues and waives all other nonjurisdictional claims."); *see also United States v. Graham*, 51 F.4th 67, 79–80 (2d Cir. 2022) (holding that the defendant had waived his ineffective-assistance argument even though the government did not mention waiver in its principal brief).   Accordingly, we consider the merits of Schleede's Fourth Amendment challenge only with respect to the evidence recovered from his hotel room.

The Fourth Amendment protects against "unreasonable searches and seizures."   U.S. Const. amend. IV.   When law enforcement officers violate that right, courts ordinarily suppress the fruits of the search.   *See Mapp v. Ohio*, 367 U.S. 643, 648 (1961).   But not all evidence seized after an unlawful entry is subject to exclusion.   As an exception to the exclusionary rule, the independent-source

4

doctrine provides that when a search warrant is obtained after an unlawful entry, and evidence is seized pursuant to the later warrant-backed search, that evidence is admissible if the warrant derives from sources independent of the prior unlawful entry.  *See Murray v. United States*, 487 U.S. 533, 537–38 (1988).  To demonstrate the applicability of this exception, the government must demonstrate that "(1) the warrant [was] supported by probable cause derived from sources independent of the illegal entry; and (2) the decision to seek the warrant [was] not . . . prompted by information gleaned from the illegal conduct."  *United States v. Johnson*, 994 F.2d 980, 987 (2d Cir. 1993).  We are satisfied that both prongs are met here.

As to the first prong, the affidavit supporting the warrant application contained ample information from independent, untainted sources to establish probable cause to believe that Schleede's room at the Residence Inn Hotel contained drugs, including fentanyl.  *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) (explaining that probable cause exists when, "given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place").  The affidavit, to start, explains that members of the Ulster Regional Gang Enforcement Narcotics Team recruited an informant

to buy drugs from Schleede. During the controlled buy, they watched someone matching Schleede's description walk out of the hotel, approach the informant, and sell him drugs. The informant turned the drugs over to the officers and confirmed that Schleede had sold him the drugs. After the buy, officers observed Schleede return to the hotel and "heard [him] entering a room on the third story of the structure." App'x at 33. When Schleede reemerged about an hour later, officers observed him engage in what appeared to be another hand-to-hand drug transaction. At that point, officers arrested Schleede and the buyer, recovering three hotel key cards and $80 in cash from Schleede and six glassine envelopes containing drugs from the buyer. To tie Schleede's drug trafficking to a particular room at the Residence Inn Hotel, the affidavit states that hotel management confirmed that Schleede was renting Room 304.[1] Based on this untainted information, we conclude that the affidavit included information sufficient to

---

[1] While Schleede makes much of the fact that the affidavit stated that the three hotel key cards accessed Room 304 – information Schleede contends was tainted because it was learned from the purportedly unlawful protective sweep – officers had learned from hotel management that Schleede was a guest in that room before the protective sweep, and indeed, before the informant conducted the controlled buy. *See United States v. Peeples*, 962 F.3d 677, 688 (2d Cir. 2020) (explaining that "the mere inclusion of tainted evidence in an affidavit does not, by itself, taint the warrant or the evidence seized pursuant to the warrant" (internal quotation marks and alterations omitted)).

establish probable cause to search Room 304 at the Residence Inn Hotel. *See Gates*, 462 U.S. at 238.

As to the second prong, we find that the decision to seek a warrant was not motivated by what the officers saw during the purportedly unlawful protective sweep. After the informant purchased drugs from Schleede, officers immediately began applying for a warrant to search Schleede's hotel room. *See* App'x at 104, 129 (Ulster County Sheriff's Office Investigator Joseph Stock testifying that the plan was to obtain a search warrant if the controlled buy was successful). The process of applying for a warrant was thus underway well before the protective sweep began. To be sure, officers conducted the protective sweep before the magistrate signed the search warrant. But given that officers had formed the intent to obtain a search warrant before they commenced the allegedly illegal search, a decision to suppress the drugs "would put the police in a worse position than they would have been in if no unlawful conduct had transpired" – precisely what the Supreme Court has proscribed. *Nix v. Williams*, 467 U.S. 431, 445 (1984); *cf. United States v. Whitehorn*, 829 F.2d 1225, 1231 (2d Cir. 1987) (holding that discovery of evidence was inevitable where a warrant application to search an apartment was being prepared before an unlawful search). We therefore

conclude that the evidence seized from the hotel room was admissible under the independent-source doctrine, and that we need not address the remaining arguments raised by Schleede concerning the protective sweep and the officers' good faith.

We have considered Schleede's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court